**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ARNULFO VAZQUEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-12-CV-29-KC** |
| | § | |
| **AMO ENTERPRISES, INC.** | § | |
| **d/b/a MONTANA VISTA FOOD** | § | |
| **STORE,** | § | |
| **COMBINED GROUP** | § | |
| **INSURANCE** | § | |
| **SERVICES INC. d/b/a ANCHOR** | § | |
| **CLAIMS** | § | |
| **MANAGEMENT/ANCHOR** | § | |
| **RISK MANAGMENT, and** | § | |
| **REPUBLIC-VANGUARD** | § | |
| **INSURANCE CO.,** | | |
| | | |
| **Defendants**. | | |

## ORDER

On this day, the Court considered three motions in the above-captioned case:

Defendant AMO's First Motion to Dismiss, ECF No. 24; Plaintiff's Alternative

Motion for Leave to Amend, ECF No. 28; and Defendant AMO's Second Motion

to Dismiss, ECF No. 53.[1]  For the reasons set forth below, Defendant AMO's First

Motion to Dismiss is **DENIED** as moot, Plaintiff's Alternative Motion for Leave

to Amend is **GRANTED**, and Defendant AMO's Second Motion to Dismiss is

---

[1] For ease of reference, this Order cites to each of the parties' submissions using the page numbers supplied by the electronic docketing system.

1

**DENIED**.

## I.      BACKGROUND

Plaintiff filed his Original Complaint in this case on January 27, 2012.  Pl.'s Original Compl., ECF No. 1.  Plaintiff alleged that his former employer, Defendant AMO, violated various provisions of the Employee Retirement Income Security Act of 1974 ("ERISA") by terminating Plaintiff's employment and denying Plaintiff health benefits after a workplace injury.  *Id.* at 4-7.

On August 16, 2012, Plaintiff filed his First Amended Complaint to join two new parties: Defendant Combined Group and Defendant Republic-Vanguard.  *See* Pl.'s First Amended Compl. 3, ECF No. 22.  As set forth in Part II of Plaintiff's First Amended Complaint, Plaintiff alleges that each of the three Defendants played a different role in the events giving rise to this lawsuit.  *See id.* at 2-6. Plaintiff's allegations regarding the termination of his employment are directed, naturally, only at his former employer, Defendant AMO.  *See id.* ¶¶ 17, 24-25, 31.

By contrast, Plaintiff alleges that all three Defendants were involved in the improper administration of the employee benefit plan.  Plaintiff alleges that "Defendant AMO purchased a policy of insurance from Defendant [Republic-Vanguard] and Defendant [Combined Group] to cover ERISA claims of employees," and that "Defendant [Combined Group] at all relevant times

participated in the administration and management" of the employee benefit plan. *Id.* ¶¶ 10-11.  Defendant AMO also allegedly retained some type of role in the administration of the employee benefit plan.  That is, Plaintiff asserts that the employee benefit plan was "self-administered by Defendant AMO" and describes Defendant AMO as "the self-appointed Administrator under the Plan."  *Id.* ¶¶ 8, 41.  Plaintiff's First Amended Complaint does not indicate what tasks of plan administration were performed by Defendant AMO, or how responsibility for plan administration was shared with Defendant Combined Group and Defendant Republic-Vanguard.  Plaintiff does describe one incident, however, that is potentially relevant to this issue.  According to Plaintiff, Defendant AMO allegedly sent a letter to Defendant Combined Group on October 7, 2009, which "falsely suggested the Plaintiff was 'faking' his injury" to prevent Plaintiff from recovering benefits.  *Id.* ¶ 19.

In Part III of his First Amended Complaint, Plaintiff asserts that Defendants' alleged misconduct collectively provides grounds for four separate causes of action.  *Id.* at 7-10.  First, Plaintiff brings a claim for Defendants' alleged violations of ERISA § 510, codified at 29 U.S.C. § 1140, which prohibits intentional interference with the exercise of rights protected under an employee benefit plan or under ERISA itself.  *Id.* ¶¶ 30-32.  Second, Plaintiff brings a claim

under ERISA § 502(a)(1)(B), codified at 29 U.S.C. § 1132(a)(1)(B), which authorizes a plan participant to bring a civil action to recover benefits under the terms of the plan. *Id.* ¶¶ 33-36.  Third, Plaintiff brings a claim under ERISA § 502(a)(2), codified at 29 U.S.C. § 1132(a)(2), for Defendants' alleged violation of ERISA § 409(a), codified at 29 U.S.C. § 1109(a), which imposes personal liability on plan fiduciaries who violate fiduciary duties with respect to an employee benefit plan. *Id.* ¶¶ 37-38.  Fourth, Plaintiff brings a claim for statutory penalties under §502(a)(1)(A), codified at 29 U.S.C. § 1132(a)(1)(A), for Defendants' alleged refusal to provide Plaintiff with information regarding the employee benefit plan as required under §502(c), codified at 29 U.S.C. § 1132(c).  *Id.* ¶¶ 39-40.

In Part IV of his First Amended Complaint, Plaintiff requests that this Court grant him a number of remedies for Defendants' violations of ERISA, including various forms of monetary damages and equitable relief. *Id.* at 10-12.  Plaintiff requests "benefits owed to the Plaintiff under the terms of the Plan," as well as punitive damages and attorney fees to the extent allowable under the law. *Id.* at 11-12.  Plaintiff also seeks "the equitable remedy of reinstatement of employment and reinstatement of benefits due and owed under the Plan." *Id.* at 11.  The First Amended Complaint is vague, however, as to which remedies are sought with respect to which causes of action.  *See id.* at 10-12.  Plaintiff does not invoke any

4

specific subsections of 29 U.S.C. § 1132 or any other provisions of ERISA with respect to any of his individual requests for monetary and equitable relief.

Five days after Plaintiff filed his First Amended Complaint, Defendant AMO filed its First Motion to Dismiss, ECF No. 24, on August 21, 2012.  In that submission, Defendant AMO requested that this Court dismiss Plaintiff's claim under 29 U.S.C. § 1132(a)(2).  Def. AMO's First Mot. 8.  Plaintiff then filed a Response in Opposition or Alternative Motion for Leave to Amend, ECF No. 28, on August 31, 2012, in which Plaintiff requested permission to replace his  claim under 29 U.S.C. § 1132(a)(2) with a claim under 29 U.S.C. § 1132(a)(3).  Pl.'s Alternative Mot. ¶¶ 2, 16.  In this submission, Plaintiff explained to the Court that he had "inadvertently" pleaded this claim under the wrong provision of ERISA. *Id.*

Finally, Defendant AMO submitted its Second Motion to Dismiss, ECF No. 53, on January 25, 2013, in which Defendant AMO requested dismissal of Plaintiff's claim for denial of benefits under 29 U.S.C. § 1132(a)(1)(B).  Def. AMO's Second Mot. 11.  Neither Defendant Combined Group nor Defendant Republic-Vanguard has participated in any of these motions or responded to them in any way.

## II.    DISCUSSION

### A.    Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  In ruling on a Rule 12(b)(6) motion, the Court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Though a complaint need not contain "detailed" factual allegations, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (internal quotation marks omitted); *Gulf Coast Hotel-Motel Ass'n v. Mississippi Gulf Coast*

*Golf Course Ass'n*, 658 F.3d 500, 506 (5th Cir. 2011).  Ultimately, the "[f]actual

allegations [in the complaint] must be enough to raise a right to relief above the

speculative level."  *Twombly*, 550 U.S. at 555 (internal citation omitted).

Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy

judge that actual proof of those facts is improbable, and 'that a recovery is very

remote and unlikely.'"  *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416

U.S. 232, 236 (1974)).

### B.    Plaintiff's New Claim Under 29 U.S.C. § 1132(a)(3)

In its First Motion to Dismiss, Defendant AMO argues that Plaintiff's claim

for breach of fiduciary duty under 29 U.S.C. § 1132(a)(2) cannot be maintained

simultaneously with Plaintiff's claim for denial of benefits under 29 U.S.C. §

1132(a)(1)(B).  *See* Def. AMO's First Mot. 6-9.  As a matter of law, Defendant

argues, "Plaintiff cannot assert both claims."  *Id.* at 6.  Defendant AMO therefore

requests that this Court dismiss Plaintiff's claim for breach of fiduciary duty.  *Id.* at

6-7.  In support, the First Motion to Dismiss relies primarily on the United States

Supreme Court's holding in *Massachusetts Mutual Life Insurance Co. v. Russell*,

473 U.S. 134 (1985).  *Id.*

Plaintiff does not attempt to rebut any of Defendant AMO's arguments

regarding 29 U.S.C. § 1132(a)(2).  Instead, Plaintiff explains that "he inadvertently

pleaded his claim for breach of fiduciary duty violations under [29 U.S.C. §

1132(a)(2)], rather than [29 U.S.C. § 1132(a)(3)]."  Pl.'s Alternative Mot. ¶¶ 2, 16.

Plaintiff therefore asks this Court either to construe his claim under 29 U.S.C. §

1132(a)(2) as a claim under 29 U.S.C. § 1132(a)(3), or to grant Plaintiff leave to

amend his pleading a second time to reflect this change.  *Id.*  In its Reply,

Defendant AMO argues that leave to amend should be denied as futile because

Plaintiff's new claim under 29 U.S.C. § 1132(a)(3) is precluded for the same

reasons that the original claim was precluded.  Def.'s Reply 2-5, ECF No. 29.  In

Defendant AMO's view, "[b]ecause Plaintiff has adequate relief available for the

alleged improper denial of benefits through his § 1132(a)(1)(B) claim, relief

through the application of § 1132(a)(3) is inappropriate."  *Id.* at 3.

The Court observes that Defendant's First Motion to Dismiss is directed

only at Plaintiff's claim under 29 U.S.C. § 1132(a)(2) and has no bearing on any

other claims raised in the First Amended Complaint.  Accordingly, Defendant's

First Motion to Dismiss would become moot if Plaintiff's Alternative Motion for

Leave to Amend is granted.  The Court therefore considers first whether the

amendment sought by Plaintiff is permissible.

"Whether leave to amend should be granted is entrusted to the sound

discretion of the district court . . . ."  *Pervasive Software Inc. v. Lexware GmbH &*

8

*Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012) (quoting *Wimm v. Jack Eckerd Corp.*, 3

F.3d 137, 139 (5th Cir. 1993).  Under Rule 15 of the Federal Rules of Civil

Procedure,[2] a district court must keep in mind that "[l]eave to amend pleadings

'shall be freely given when justice requires.'"  *Whitmire v. Victus Ltd.*, 212 F.3d

885, 889 (5th Cir. 2000) (quoting Fed. R. Civ. P. 15(a)).  A district court should

allow parties to amend their pleadings absent such factors as "undue delay, bad

faith or dilatory motive on the part of the movant, repeated failures to cure

deficiencies by amendments previously allowed, undue prejudice to the other party

by virtue of allowance of the amendment, [or] futility of amendment, etc. . . . ."  *Id.*

(quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Brackens v. Ennis*

*State Bank*, 252 F.3d 434, 2001 WL 360647 at *1 (5th Cir. 2001) (citing *Jacobsen*

*v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998)).  Accordingly, the Court now

evaluates whether any of these five "*Foman* factors" require the denial of

Plaintiff's Alternative Motion for Leave to Amend: prejudice, dilatory motive,

delay, ineffective previous amendments, or futility.  *See Whitmire*, 212 F.3d at 889.

---

[2] Plaintiff did not file his Alternative Motion for Leave to Amend until two months after the Court's original deadline to amend the pleadings had passed.  *See* Scheduling Order, ECF No. 6.  Generally, "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."  *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).  However, courts apply "the more liberal standard of Rule 15(a)" where there is a showing of "good cause to modify the scheduling order."  *Id.*  After the filing of Plaintiff's Alternative Motion for Leave to Amend, the relevant scheduling order was subsequently vacated and modified on two occasions upon the filing of motions joined by Plaintiff and all three Defendants, including Defendant AMO.  *See* Order of November 6, 2012, ECF No. 42; Order of January 28, 2013, ECF No. 54.  In these joint motions, the parties collectively represented that there was good cause to extend pretrial deadlines.  *See id.*  Defendant AMO, moreover, has never objected to Plaintiff's Alternative Motion for Leave to Amend on the basis of untimeliness.  *See* Def. AMO's Reply 3-6.  The Court therefore will apply the standard governing motions for leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure in evaluating Plaintiff's Alternative Motion for Leave to Amend.

### 1.   Prejudice, dilatory motive, delay, or ineffective previous amendments

In opposing Plaintiff's Alternative Motion for Leave to Amend, Defendant AMO has not raised any arguments regarding four of the five *Foman* factors: prejudice, dilatory motive, delay, or ineffective previous amendments to the pleadings.  *See* Def. AMO's Reply 3-5.  After its own review of the record, the Court likewise finds that none of these factors provide grounds to deny Plaintiff's Alternative Motion for Leave to Amend.

Plaintiff's Alternative Motion for Leave to Amend would cause no prejudice in this case.  When weighing this factor, the Court must determine "whether the proposed amendment (1) was merely proposing alternative legal theories for recovery on the same underlying facts or (2) would fundamentally alter the nature of the case."  *Mayeaux v. La. Health Serv. and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (citing *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 246 n.2 (5th Cir. 1997).  "Amendments that fall into the former category generally should be permitted, as they advance Rule 15(a)'s policy of promoting litigation on the merits rather than on procedural technicalities.  Amendments that fall into the latter category, however, may be denied if the circumstances warrant."  *Id.*

Plaintiff's proposed amendments fall into the "former category," because

Plaintiff has neither alleged any new facts nor even requested an additional remedy. *See id.* The only facts discussed in Plaintiff's Alternative Motion for Leave to Amend are Plaintiff's allegations that Defendant AMO made misrepresentations to Plaintiff's healthcare providers to prevent him from receiving treatment. *See* Pl.'s Alternative Mot. ¶ 14. This was adequately described in Plaintiff's First Amended Complaint, which alleged that "Defendant AMO took steps to try to prevent Plaintiff from recovering benefits" and that Defendant wrote a letter that "falsely suggested the Plaintiff was 'faking' his injury." *See* Pl.'s First Amended Compl. ¶¶ 18-19. Moreover, although Plaintiff's submissions have been somewhat ambiguous on the issue of remedies, Plaintiff appears to be seeking the same equitable relief under 29 U.S.C. § 1132(a)(3) that he originally sought under 29 U.S.C. § 1132(a)(2): "the equitable remedy of reinstatement of employment and reinstatement of benefits due and owed under the Plan." *Compare* Pl.'s First Amended Compl. ¶ 44, *with* Pl.'s Alternative Mot. ¶¶ 11-15. The Court is persuaded, therefore, that Plaintiff's requested amendment would not "fundamentally alter the nature of the case" so as to prejudice Defendants. *See Mayeaux*, 376 F.3d at 427; *Lowrey*, 117 F.3d at 246.

The Court also finds no evidence of a dilatory motive underlying Plaintiff's Alternative Motion for Leave to Amend. Rather than a desire to delay his own

lawsuit, it seems far more likely that Plaintiff's current request is motivated by a sincere desire to preserve a potential ground for relief.  Indeed, as in *Whitmire*, "as soon as the defect in [Plaintiff's] pleadings was exposed, [he] promptly moved to amend."  *Whitmire*, 212 F.3d at 889-90.  The Court finds, therefore, that "[t]here is no evidence in the record, and defendant does not argue, that [Plaintiff] has acted in bad faith or with dilatory motive."  *See id.*

Similarly, the Court finds that Plaintiff's requested amendment should not be denied on grounds of undue delay or ineffective previous amendments to the pleadings.  *See id.*  Since no new facts are alleged and no new relief is sought, the Court sees no reason why this amendment would cause future delays in this litigation.  Although this case has indeed suffered from a series of delays already, the Court previously found that the three Defendants had born equal responsibility.[3]  Finally, there have been no "repeated failures to cure deficiencies by amendments previously allowed . . . ."  *See id.*  Plaintiff has only revised his pleadings once during this case, in order to join two additional Defendants.  *See* Pl.'s First Amended Compl. 3.  Given Plaintiff's allegations regarding the involvement of Defendant Combined Group and Defendant Republic-Vanguard in

---

[3] The Court has recently observed that "the delays in this case have been considerable," but this statement did not relate to Plaintiff's conduct alone.  *See* Order of January 28, 2013, ECF No. 54.  Rather, this statement referred to various motions for extensions of deadlines, each of which was filed by the parties in this case as either "Joint" or "Unopposed."  *Id.* at 1-2 (discussing Joint Motion for Extension of Deadlines, ECF No. 52; Joint Motion to Request a New Scheduling Order, ECF No. 41; Unopposed Motion for Leave to Extend Deadline, ECF No. 35; Unopposed Motion for Leave to Extend Deadline, ECF No 33; Joint Motion for Extension of Time to Pursue Settlement, ECF No. 12).

the administration of the employee benefit plan, this amendment was both a

reasonable and effective solution for the Original Complaint's deficiency.  *See id.*

¶¶ 10-11.

Accordingly, in its "sound discretion" to rule on motions to amend the

pleadings, the Court will not deny Plaintiff's Alternative Motion for Leave to

Amend based on undue prejudice, dilatory motive, delay, or ineffective previous

amendments to the pleadings.  *See Pervasive Software*, 688 F.3d at 232; *Whitmire*,

212 F.3d at 889.

### 2.     Futility

In its Reply, Defendant AMO has argued implicitly that Plaintiff's requested

amendment would be futile.  Futility is a valid ground on which to deny a motion

to amend a pleading.  *See Avatar Exploration, Inc. v. Chevron U.S.A., Inc.*, 933

F.2d 314, 321 (5th Cir. 1991); *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650

F.2d 663, 666-67 (5th Cir. 1981).

In Defendant AMO's view, Plaintiff's new claim under 29 U.S.C. §

1132(a)(3) is futile for the same reasons that the original claim would have been

precluded as a matter of law.  Def.'s Reply 2-5.  That is, "[b]ecause Plaintiff has

adequate relief available for the alleged improper denial of benefits through his §

1132(a)(1)(B) claim, relief through the application of § 1132(a)(3) is

13

inappropriate." *Id.* at 3.  In contrast to its First Motion to Dismiss, however, Defendant AMO cannot rely for present purposes on the Supreme Court's holding in *Russell*.  *Compare* Def.'s First Mot. 6-7 (analyzing *Russell*, 473 U.S. at 147) *with* Def.'s Reply 2-5.  In that case, the Supreme Court analyzed the interaction between 29 U.S.C. § 1132(a)(2) and § 1132(a)(1)(B), but did not analyze any aspect of 29 U.S.C. § 1132(a)(3) in any way.  *See Russell*, 473 U.S. at 147.  The Supreme Court further clarified in *Varity v. Howe* that an individual plan participant may proceed on his or her own behalf under 29 U.S.C. § 1132(a)(3) and seek equitable remedies for breaches of fiduciary duties, unlike under 29 U.S.C. § 1132(a)(2).  *See* 516 U.S. 489, 515 (1996).

To establish the futility of Plaintiff's new claim, therefore, Defendant AMO relies instead on the reasoning of *Tolson v. Avondale Industries*, 141 F.3d 604, 610 (5th Cir. 1998), in which the Fifth Circuit upheld a district court's order granting summary judgment.  This Court finds, however, that Plaintiff's claim for equitable relief under 29 U.S.C. § 1132(a)(3) is sufficiently distinguishable from the claim analyzed in *Tolson*.  By bringing that claim, the *Tolson* plaintiff sought only to recover benefits under the employee benefit plan and no other relief.  *See Tolson*, 141 F.3d at 605-06.  The Fifth Circuit found, therefore, that the *Tolson* plaintiff's request for equitable relief under 29 U.S.C. § 1132(a)(3) was essentially

duplicative of his claim for benefits. *Id.* at 610.  Accordingly, the Fifth Circuit

reasoned, "[b]ecause [the plaintiff] has adequate relief available for the alleged

improper denial of benefits through his right to sue the [employee benefit plan]

directly under section 1132(a)(1), relief through the application of section

1132(a)(3) would be inappropriate." *Id.*  The other two cases addressing 29 U.S.C.

§ 1132(a)(3) cited in Defendant AMO's Reply[4] rely on identical reasoning and

contain equivalent facts.[5]  *See* Def.'s Reply 2-5.

In this case, by contrast, Plaintiff does not have "adequate relief available"

under 29 U.S.C. § 1132(a)(1)(B).  *See Tolson*, 141 F.3d at 610.  While Plaintiff

indeed seeks to recover benefits under this provision specifically, Plaintiff has also

requested other remedies that fall outside its scope.  That is, Plaintiff has also

requested "the equitable remedy of reinstatement of employment and reinstatement

of benefits . . . ."  *See* Pl.'s First Amended Compl. ¶ 44; Pl.'s Alternative Mot. ¶¶

11-15.  These remedies are not available under 29 U.S.C. § 1132(a)(1)(B), the text

of which permits only recovery of "benefits due to [a participant or beneficiary]

---

[4] Defendant AMO's citation to *LaRue v. DeWolff, Boberg & Associates, Inc.*, 552 U.S. 248 (2008), is inapposite.  In *LaRue*, the Supreme Court's holding related only to 29 U.S.C. § 1132(a)(2).  552 U.S. at 256.  In fact, the Supreme Court explicitly declined to address any aspect of 29 U.S.C. § 1132(a)(3) in that case.  *Id.* at 252.

[5] *See Estate of Bratton v. Nat'l Union Fire Ins. Co.*, 215 F.3d 516, 526 (5th Cir. 2000) ("Finally, the plaintiff in this purported [29 U.S.C. § 1132(a)(3)] action is seeking only disability benefits allegedly due under the NUFI policy for which [29 U.S.C. § 1132(a)(1)(B)] affords an adequate remedy."); *Wald v. Sw. Bell Corp. Customcare Medic. Plan*, 83 F.3d 1002, 1006 (8th Cir. 1996) ("Because [the plaintiff] is provided adequate relief by her right to bring a claim for benefits under . . . 29 U.S.C. § 1132(a)(1)(B), . . . and she seeks no different relief in Count II of her complaint, equitable relief would not be appropriate in her case.  Thus, she does not have a cause of action under [29 U.S.C. § 1132(a)(3)].").

under the terms of his plan" itself.

By contrast, 29 U.S.C. § 1132(a)(3) provides for all "those categories of relief that were typically available in equity." *Sereboff v. Mid Atl. Medic. Servs., Inc.*, 547 U.S. 356, 361 (2006) (quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993)). Enjoining Defendant AMO to reinstate Plaintiff's employment is undoubtedly an example of such equitable relief. *See Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 322 (5th Cir. 2008) (finding reinstatement of employment under the Family Medical Leave Act to be an "injunctive" remedy); *Griggs v. E.I. DuPont de Nemours & Co.*, 237 F.3d 371, 385 (4th Cir. 2001) ("We believe that reinstatement, as a general equitable concept, is within the range of redress permitted by the phrase 'other appropriate equitable relief [under 29 U.S.C. § 1132(a)(3)].'") The Tenth Circuit and the Fourth Circuit have both held that the reinstatement of a former plan participant into a plan for benefits is also an equitable remedy available under 29 U.S.C. § 1132(a)(3). *Phelan v. Wyoming Associated Builders*, 574 F.3d 1250, 1255 (10th Cir. 2009) ("The reinstatement was an equitable remedy and was therefore permissible under § 1132(a)(3)."); *Griggs*, 237 F.3d at 384-86. The United States District Court for the Northern District of Texas has held likewise. *See Verizon Emp. Benefits Comm. v. Frawley*, No. 3:05-CV-2105, 2006 WL 3438614 at *4 (N.D. Tex. Nov. 15, 2006) (analyzing

*Varity*, 516 U.S. at 495).

Indeed, if the termination of Plaintiff's employment by Defendant AMO has rendered him ineligible "to recover benefits due to him under the terms of his plan" by bringing a claim under 29 U.S.C. § 1132(a)(1)(B), then these equitable remedies may be the only means by which Plaintiff can obtain relief for his injury. *See Varity*, 516 U.S. at 515.

Moreover, the Fifth Circuit's analysis in *Matassarin v. Lynch*, 174 F.3d 549 (5th Cir. 1999), demonstrates that there is no bright-line rule against bringing claims under 29 U.S.C. § 1132(a)(1)(B) and § 1132(a)(3) in the same complaint, so long as these claims do not seek identical relief for the same conduct.  *See Matassarin*, 174 F.3d at 563-66.  In *Matassarin*, the Fifth Circuit reviewed an order of summary judgment in a case where the plaintiff brought claims under both these provisions, as well as a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(2).  *See id.*  Citing the Supreme Court's holding in *Russell*, the Fifth Circuit ruled that the claim under 29 U.S.C. § 1132(a)(2) was properly rejected by the district court because the *Matassarin* plaintiff "failed to allege any way in which the defendants' actions caused a loss to the Plan as a whole . . . ."  *Id.* at 566. This Court recalls that this was one of the grounds on which Defendant AMO initially argued that Plaintiff's original claim under 29 U.S.C. § 1132(a)(2) should

17

be dismissed.  *See* Def. AMO's First Mot. 6-9.

By contrast, the Fifth Circuit analyzed the *Matassarin* plaintiff's claims under 29 U.S.C. § 1132(a)(1)(B) and § 1132(a)(3) based on a meticulous review of the summary judgment evidence.  *See Matassarin*, 174 F.3d at 563-66.  For example, while evaluating the *Matassarin* plaintiff's claim for denial of benefits under 29 U.S.C. § 1132(a)(1)(B), the Fifth Circuit reviewed both the text of the employee benefit plan and the administrator's interpretation of its terms.  *Id.* at 563-65.  Turning then to evaluate the *Matassarin* plaintiff's claim for equitable relief under 29 U.S.C. § 1132(a)(3), the Fifth Circuit carefully reviewed the summary judgment evidence as to a variety of alleged ERISA violations, including breaches of fiduciary duty based on the plan administrators' alleged self-dealing and failure to invest prudently.  *Id.* at 566-69.  Though the Fifth Circuit upheld the order of summary judgment rejecting the *Matassarin* plaintiff's claims under both 29 U.S.C. § 1132(a)(1)(B) and § 1132(a)(3), the Fifth Circuit never indicated that either of these two claims simply precluded the other as a matter of law.  *See id.* at 563-69.

Indeed, the *Matassarin* decision confirms that Plaintiff's claim under 29 U.S.C. § 1132(a)(3) can survive a motion to dismiss based on a sufficient allegation "of *any* ERISA violation."  *See id.* at 566 (finding that summary

judgment on the plaintiff's 29 U.S.C. § 1132(a)(3) claim "was appropriate only if [the plaintiff] provided no evidence of *any* ERISA violation."). As indicated by its text, 29 U.S.C. § 1132(a)(3) neither imposes liability nor prohibits any form of misconduct by its own terms. *See id.* This provision, rather, creates a remedy for prohibitions found elsewhere in the statute. *See* 29 U.S.C. § 1132(a)(3). In addition to Plaintiff's allegations that Defendant AMO violated fiduciary duties with respect to Plaintiff, 29 U.S.C. § 1132(a)(3) is also available to provide remedies for Defendant AMO's alleged intentional interference with Plaintiff's benefits. *See* Pl.'s First Amended Compl. ¶¶ 30-32.

Under this subsection, Plaintiff may bring an action "to enjoin any act or practice which violates any provision of this subchapter or the terms of the [employee benefit plan]," or to redress past violations by obtaining "other appropriate equitable relief." 29 U.S.C. § 1132(a)(3). These violations include the intentional interference with employee benefits prohibited by 29 U.S.C. § 1140, the text of which explicitly confirms that "[t]he provisions of section 1132 of this title shall be applicable in the enforcement of this section." 29 U.S.C. § 1140. In *Matassarin*, therefore, after addressing the plaintiff's claims for fiduciary self-dealing and failure to invest prudently, the Fifth Circuit independently evaluated the evidence to determine whether the plaintiff's claim to equitable relief under 29

U.S.C. § 1132(a)(3) should have survived summary judgment based on a violation of 29 U.S.C. § 1140. *Matassarin*, 174 F.3d at 569.

Defendant has never suggested that Plaintiff's claim for intentional interference with employee benefits under 29 U.S.C. § 1140 should be dismissed on the pleadings. Nor has Defendant argued that Plaintiff may not seek "the equitable remedy of reinstatement of employment and reinstatement of benefits due and owed under the Plan" for a violation of 29 U.S.C. § 1140. *See* First Amended Compl. 11. As indicated by the Fifth Circuit's analysis in *Matassarin*, 174 F.3d at 569, it is the language of 29 U.S.C. § 1132(a)(3) that provides this Court with the authority to grant these equitable remedies for a violation of 29 U.S.C. § 1140.

Accordingly, the Court concludes that Plaintiff's new claim to equitable relief under 29 U.S.C. § 1132(a)(3) would not be futile. *See Whitmire*, 212 F.3d at 889. Nor should this amendment be refused based on grounds of prejudice, dilatory motive, delay, or ineffective previous amendments to the pleadings. *See id.* Therefore, the Court **ORDERS** that Plaintiff's Alternative Motion for Leave to Amend should be **GRANTED**.

Recalling that Defendant AMO's First Motion to Dismiss was directed solely at Plaintiff's original claim under 29 U.S.C. § 1132(a)(2), which Plaintiff

now disavows, **IT IS THEREFORE FURTHER ORDERED** that Defendant

AMO's First Motion to Dismiss is **DENIED** as moot.

### C.     Plaintiff's Claim Under 29 U.S.C. § 1132(a)(1)(B)

Finally, the Court addresses Defendant AMO's Second Motion to Dismiss,

in which Defendant AMO argues that Plaintiff's claim for denial of benefits should

be dismissed as to Defendant AMO "because the appropriate defendant for a

violation of § 1132(a)(1)(B) claim is the Plan."  Def. AMO's Second Mot. 9-10.

Defendant AMO argues that because an employee benefit plan has the capacity to

be sued under 29 U.S.C. § 1132(d), the plan is the only appropriate defendant in a

lawsuit where the plaintiff directly seeks benefits under the plan.  *Id.*  Defendant

AMO alleges that it has always been "an entirely separate entity from the Plan."

*Id.*  Defendant AMO also recalls Plaintiff's allegation that Defendant Combined

Group "participated in the management and administration of the Plan," and argues

that "this evidence" requires the Court "to dismiss [Defendant] AMO as a

defendant under 29 U.S.C. § 1132(a)(1)(B)."  *Id.*

Although Defendant AMO argues that "the Fifth Circuit has not addressed"

whether and when an employer may be sued under 29 U.S.C. § 1132(a)(1)(B), this

is incorrect.  *See id.* at 9.  In *Musmeci v. Schwegmann Giant Super Markets, Inc.*,

332 F.3d 339, 349-50 (5th Cir. 2003), the Fifth Circuit found that an employer

"was properly named as a defendant" on two grounds.  First, the Fifth Circuit found that the employer was a proper defendant because the employee benefit plan had "no meaningful existence separate from [that of the employer] because the [employee benefit plan was] funded by the general assets" of the employer.  *Id.* Second, the Fifth Circuit reasoned that the employer was a proper defendant because, "[m]oreover, it was indisputably [the employer's] decision to deny [benefits] to the Plaintiffs." *Id*.

The Fifth Circuit indicated in *Musmeci* that these two grounds were independent of one another, and that either ground would support a holding that the employer "was properly named as a defendant." *Id.*  The Fifth Circuit also cited favorably to the decisions of other courts of appeals holding that "plan beneficiaries can sue the employer when it was the employer's decision to deny benefits . . . and when the employer is the plan administrator or sponsor." *Id.* at 349 (citing *Mein v. Carus Corp.*, 241 F.3d 581 (7th Cir. 2001); *Garren v. John Hancock Life Ins.*, 114 F.3d 186 (11th Cir. 1997); *Layes v. Mead Corp.*, 132 F.3d 1246 (8th Cir. 1998); *Sweet v. Consol. Aluminum Corp.*, 913 F.2d 268 (6th Cir. 1990)).  Interpreting *Musmeci*, district courts in the Fifth Circuit have reasoned that a "significant factor in the *Musmeci* case was that the employer had the ultimate decisionmaking authority as to whether the plaintiff was entitled to benefits under

the plan." *N. Cypress Medic. Ctr. v. CIGNA Healthcare*, 782 F. Supp. 2d 294, 306 (S.D. Tex. 2011) (citing *Kinnison v. Humana Health Plan of Tex. Inc.*, No. 07–381, 2008 WL 2446054, at *10 n. 25 (S.D. Tex. June 17, 2008); *Carroll v. United of Omaha Life Ins. Co.*, 378 F. Supp. 2d 741, 747 (E.D. La. 2005)).

When considering motions to dismiss, therefore, district courts in the Fifth Circuit "have permitted suits against non-plan defendants," such as an employer that is an independent entity from the plan, based on allegations that the defendant "sufficiently controlled plan administration to make it a proper defendant for a [29 U.S.C. § 1132(a)(1)(B)] claim." *N. Cypress*, 782 F. Supp. 2d at 306 (internal quotations and alterations omitted) (citing *Delgado v. Citigroup Inc.*, No. V-06-39, 2008 WL 548801, at *9 (S.D. Tex. Feb. 26, 2008)); *Bernstein v. Citigroup Inc.*, No. 3:06-CV-209, 2006 WL 2329385, at *7 (N.D. Tex. July 5, 2006) (holding that a claim under 29 U.S.C. § 1132(a)(1)(B) "is not *per se* limited to plan defendants" and that such claims may proceed against non-plan defendants that "control[] administration of the plan").

This Court is persuaded that Plaintiff has alleged sufficient facts to defeat Defendant AMO's motion to dismiss his claim under 29 U.S.C. § 1132(a)(1)(B). That is, Plaintiff asserts that the employee benefit plan was "self-administered by Defendant AMO" and describes Defendant AMO as "the self-appointed

Administrator under the Plan."  Pl.'s First Amended Compl. ¶¶ 8, 41.  It is also

conceivable, in the Court's view, that the letter allegedly sent by Defendant AMO

to Defendant Combined Group on October 7, 2009, which "suggested the Plaintiff

was 'faking' his injury," constituted an act of control over plan administration.  *Id.*

¶ 19.  Based on these allegations, Defendant AMO is therefore a proper defendant

under 29 U.S.C. § 1132(a)(1)(B).  *See N. Cypress*, 782 F. Supp. 2d at 306.

Accordingly, the Court concludes that Plaintiff has "state[d] a claim to relief

that is plausible on its face."  *See Twombly*, 550 U.S. at 570; *Peachtree Constr.*,

647 F.3d at 252.  Defendant AMO's Second Motion to Dismiss must therefore be

denied.

## III.   CONCLUSION

For the reasons set forth above, the Court **ORDERS** that Plaintiff's

Alternative Motion for Leave to Amend, ECF No. 28, is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff will file a Second Amended

Complaint **on or before February 22, 2013**, in which Plaintiff may only replace

its claim under 29 U.S.C. § 1132(a)(2) with a claim under 29 U.S.C. § 1132(a)(3).

The Court emphasizes that no leave has been granted to revise the pleadings in any

other respect.  New factual allegations or requests for additional relief that are not

specifically contemplated by this Order will be grounds for the Court to strike the

Second Amended Complaint.

**IT IS FURTHER ORDERED** that Defendant AMO's First Motion to Dismiss, ECF No. 24, is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant AMO's Second Motion to Dismiss, ECF No. 53, is **DENIED**.

**SO ORDERED**.

SIGNED this 14th day of February, 2013.


_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE